# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

ROBERT DAMION BARNES                                          PLAINTIFF

v.                                       CIVIL ACTION NO. 4:18-CV-P91-JHM

DAVIESS COUNTY DETENTION CENTER et al.                 DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Robert Damion Barnes, *pro se*, filed this *in forma pauperis* civil-rights action pursuant to 42 U.S.C. § 1983. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Daviess County Detention Center (DCDC), names as Defendants DCDC and DCDC employees Supervisor Brian Myers, in his individual and official capacities, and Jailer Art Maglinger, in his official capacity. He alleges that on May 1, 2018, he was placed in handcuffs after another inmate said he had slapped his face. Plaintiff states that the handcuffs were taken off and Defendant Myers came to talk with him. Plaintiff states that when he told Defendant Myers that he had not slapped the other inmate, Defendant Myers became "red in the face;" stated that Plaintiff was lying; and said, "'Sit your black ass down, your fu***** lying and it's people like you that make this jail look bad, now sit your black ass down and don't get back up until I can find you a place with the rest of your kind." Plaintiff alleges that this conduct was racial discrimination in violation of his civil rights.

Plaintiff next alleges that on May 28, 2018, Defendant Myers came into his cell, pointed out something that had happened the night before, and declared that he had "it out for a couple of black guys and I will get them."  Plaintiff also alleges that this conduct was racial discrimination.

Finally, Plaintiff alleges that on the next day he was the only black person in the cell and that "all the white guys in the cell tried to jump me, a couple of them called me 'Niggers' and other racist names, some had racist tattoos on them and was unable to defend myself[.]  [O]ne inmate even spit on me and called me names and the staff was present."

As relief, Plaintiff seeks monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327.  When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true.  *Prater v. City of Burnside, Ky*., 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***A. Defendants DCDC and Defendants Myers and Maglinger in their official capacities***

First, DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Daviess County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Daviess County is a "person" for purposes of § 1983. *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against DCDC as brought against Daviess County.

Similarly, the claims against Defendants Myers and Maglinger in their official capacities must be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claims against these Defendants in their official capacities are actually brought against the Daviess County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Daviess County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff does not allege that his constitutional rights were violated pursuant to a policy or custom of Daviess County. Therefore, his allegations against DCDC and Defendants

4

Myers and Maglinger in their official capacities fail to state a § 1983 claim and must be dismissed.

***B. Claims against Defendant Myers in his individual capacity***

Plaintiff alleges that Defendant Myers accused Plaintiff of lying; told him, "'Sit your black ass down, your fu***** lying and it's people like you that make this jail look bad, . . . and don't get back up until I can find you a place with the rest of your kind;" and, on another occasion, declared that he had "it out for a couple of black guys and I will get them."

First, Defendant Myers's alleged use of harassing or degrading language does not state a § 1983 claim. Such language by a prison official, although unprofessional and despicable, simply does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding harassing language is not cruel and unusual punishment in violation of the Eighth Amendment); *King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) (instructing that "[t]he use of a racial epithet by itself is not an actionable violation of the Equal Protection Clause."); *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Plaintiff further alleges that on the day after Defendant Myers declared he would "get" a "couple of black guys," he was the only black person in the cell and that "all the white guys in the cell tried to jump me, a couple of them called me 'Niggers' and other racist names, some had racist tattoos on them and was unable to defend myself[.] [O]ne inmate even spit on me and called me names and the staff was present." However, even if the use of insulting racial epithets accompanied by "harassment or a violation of established rights may amount to a separate equal protection claim," *Williams v. Kaufman Cty.*, 352 F.3d 994, 1013 & n.61 (5th Cir. 2003)

5

(emphasis omitted), Plaintiff does not allege that Defendant Myers orchestrated Plaintiff being the only non-white person in the cell or incited other inmates to use racial slurs against him or otherwise threaten him.

Finally, the Prison Litigation Reform Act (PLRA) requires that any action for emotional injury suffered while in custody is barred unless the prisoner can show physical injury. 42 U.S.C. § 1997e(e). The physical injury need not be significant, but it must be more than *de minimis* for a § 1983 claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Plaintiff only alleges that white inmates *tried* to jump him and that one even spit on him. Being spat upon is not itself a constitutional violation, *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (agreeing with the district court's finding that "a correctional officer spitting upon a prisoner does not rise to the level of a constitutional violation"), nor does it suffice as a physical injury for purposes of § 1997e(e). *Jennings v. Weberg*, No. 2:06-CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (dismissing case pursuant to § 1997e(e) where plaintiff alleged that he was "battered with spit and urine" on a regular basis by another inmate which caused him "fear, distress and mental anguish that he experienced as a result of Defendant's failure to protect him"). Consequently, Plaintiff has not stated a claim against Defendant Myers in his individual capacity.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: October 15, 2018

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.009

Joseph H. McKinley, Jr., Chief Judge
United States District Court

6